IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sean Deron Wells, #335757, | ) | C/A NO. 5:15-1652-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Michael M. Stevenson, III, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* petition for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation. On October 29, 2015, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Petitioner filed objections to the Report on November 13, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

1

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The court has conducted a *de novo* review of the record and has considered Petitioner's response, the entire record, the applicable law, and the Report and Recommendation of the Magistrate Judge. After review, the court declines to adopt the Report's assessment of the timeliness of the petition and whether equitable tolling applies to this matter. For the reasons discussed below, the court finds the petition is untimely filed, and that equitable tolling is not appropriate in this matter. However, even if the court applied equitable tolling, for the reasons discussed in the Report, Petitioner's application fails on its merits.

As noted by the Magistrate Judge, this matter is controlled by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, the limitation period for § 2254 petitions runs from the latest of:

> (d)(1)(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from making a motion by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The Supreme Court has determined that "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citation omitted). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. *Holland*, 560 U.S. at 649. Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party (in this case, the Respondent) prevented Petitioner from filing a petition, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at 650 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

The Report finds that the statute of limitations should be equitably tolled because Petitioner apparently relied on a letter from an attorney advising Petitioner that "[b]y my calculation, you have eight days remaining, counting [April 6, 2015], to file your habeas petition." Attach. to Resp. to Summ. J. at 2, ECF No. 19. The Report finds "it would be unjust to not allow Petitioner to rely on the attorney's advice that '[his] habeas petition needs to be completed and in the mail to the District Court no later than April 14, 2015.'" Report at 16, ECF No. 21 (quoting Attach. to Resp. to Summ. J. at 2).

In response to Respondent's summary judgment motion asserting untimeliness as grounds for dismissal,[1] Petitioner contends he relied on the advice of Jeremy A. Thompson, Esquire, who

---

[1] Petitioner contends that Respondent seeks dismissal as to untimeliness only on Ground Two of the Petition. Opposition to Respondent's M. for Summ. J. at 3, ECF No. 14. This assertion is incorrect, as Respondent clearly alleges the entire petition should be dismissed for untimeliness. *See* Mem. in Supp. of Summ. J. at 9-11, ECF No. 11.

informed him that the filing date for the Petition was April 14, 2015. *See* Opposition to Respondent's M. for Summ. J. at 5-6, ECF No. 14. Petitioner accordingly maintains equitable tolling should apply to allow this court to reach the merits of his properly exhausted claims.

The letter from Thompson indicates that Petitioner sent correspondence to him (Thompson) about "my *potential representation* of you on a federal habeas petition." Letter at 1, ECF No. 19 (emphasis added). The letter provides terms of representation and notes "*[i]f you are interested in retaining me to represent you*, please have someone who can pay the fee get in contact with my office." *Id.* (Emphasis added.) However, Petitioner presents no additional evidence indicating that he actually retained Thompson. Therefore, at the time Thompson provided a faulty calculation of the petition's filing deadline, Thompson was not Petitioner's attorney, and Petitioner's reliance on his calculation of the deadline was at his own risk.

Moreover, even assuming, for purposes of this matter only, that Thompson was retained by Petitioner, routine attorney ineffectiveness is not an extraordinary reason to equitably toll the statute of limitations. *See Holland*, 560 U.S. at 656 ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error . . . ." (quotation marks and citation omitted); *id.* at 651-52 (reaffirming the holding that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline does not warrant equitable tolling) ; *see Rouse*, 339 F.3d at 248 (mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control warranting equitable tolling); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Moreover,

Petitioner has not demonstrated that he exercised reasonable diligence in investigating and bringing his claims, as he allowed a significant period of time to elapse between the time his direct appeal became final and the filing of his action for Post-Conviction Relief (PCR). Therefore, this court finds that Petitioner has failed to demonstrate grounds for equitable tolling.

However, even if this court were to apply equitable tolling, for the reasons discussed in the Report, the petition fails on its merits. Petitioner's objections focus on the trial court's colloquy with him during the entry of his guilty plea and counsel's alleged ineffectiveness during this colloquy. But the objections fail to establish that the Report erred in its application of the "doubly deferential judicial review that applies to a *Strickland* claim under the § 2254(d)(1) standard . . . ." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Respondent's motion for summary judgment (ECF No. 10) is **granted** and the petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 30, 2015